UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-4452

CATHY L. BRAMBLE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-97-62)

Submitted: April 30, 1998

Decided: July 30, 1998

Before WIDENER, WILKINS, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John C. Carney, CARNEY & CARNEY, Washington, D.C., for
Appellant. Lynne A. Battaglia, United States Attorney, Ira L. Oring,
Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Cathy L. Bramble appeals the 36-month sentence imposed upon her guilty plea to bank fraud, 18 U.S.C. § 1344 (1994). Because we conclude that the district court's upward departure was not an abuse of discretion, we affirm.

I

According to the stipulation of facts in her plea agreement, Bramble was a teller at the National Bank of Cambridge (the Bank). From June 1991 until March 1996, Bramble engaged in a scheme to defraud the Bank, obtaining approximately $225,000 from numerous embezzlements and misappropriations of funds.

Bramble's scheme operated in the following manner. When a customer gave Bramble money in payment for a certificate of deposit, Bramble issued the certificate on behalf of the Bank but retained the payment for her own use. She did not record the certificate on the Bank's books and records. She also misapplied funds received from customers of the Bank in order to fund certificates of deposit previously purchased by other customers and to pay interest earned on those previously purchased certificates.

The Bank prepared a transaction report identifying forty-eight Bank customers whose accounts Bramble used in order to carry out her scheme. This report was supplied to the district court in connection with the preparation of the presentence investigation report. In a letter to the court, a Bank official stated that there was no direct audit trail available to easily track Bramble's activities. Therefore, the Bank's external auditors had to carefully review more than 700,000 transactions over a six-year period in order to identify each instance of fraud.

Bramble's base offense level under USSG § 2F1.1(a)* was 6. The

_____

*U.S. Sentencing Guidelines Manual (1995). Bramble was sentenced on May 23, 1997.

2

district court added 8 levels based on the amount of the loss (approximately $225,000). See USSG § 2F1.1(b)(1)(I). Because the offense required more than minimal planning, Bramble received two additional levels. See USSG §§ 1B1.1, 2F1.1(b)(2)(A). Three levels were subtracted based on Bramble's acceptance of responsibility. See USSG § 3E1.1. Bramble's resulting offense level was 13. With a criminal history category of I, her guideline range was 12-18 months.

Prior to sentencing, the district court advised counsel that an upward departure might be appropriate because the two-level enhancement for more than minimal planning did not adequately account for the repetitive nature and sophistication of Bramble's scheme. Bramble's attorney submitted a memorandum opposing an upward departure and argued against a departure at sentencing.

At sentencing, the district judge determined that an upward departure was warranted. The judge characterized the scheme as one of the most brazen he had seen in over thirty years on the bench. He recounted the details of one of the many defalcations and observed that such embezzlements occurred on a regular basis. Bramble's scheme was described as intricate and elaborate, requiring far more planning than that required for an enhancement under USSG §§ 1B1.1, 2F1.2(A). Bramble frequently embezzled from various accounts, transferred embezzled funds using various devices, and skillfully shifted funds among the accounts to conceal her wrongdoing. Her actions were substantially in excess of what ordinarily is involved in bank fraud, and the court found that the two-level adjustment for more than minimum planning did not adequately account for her malfeasance. The court decided to adjust Bramble's offense level by seven levels, raising it from 13 to 20. Her resulting guideline range was 33-41 months. She received a 36-month sentence.

II

A court may depart from the guidelines range only if the court finds that "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C.A. § 3553(b) (West 1994 & Supp. 1998). The Sentencing Commission

3

intended each guideline to carve out a "`heartland,' a set of typical cases embodying the conduct that each guideline describes. When a court finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm, the court may consider whether a departure is warranted." USSG Ch. 1, Pt. A, intro. comment. 4(b).

This court has articulated a four-step analysis for district courts to follow in deciding whether to depart. Initially, the court identifies the circumstances and consequences of the offense. See United States v. Achiekwelu, 112 F.3d 747, 755 (4th Cir. 1997), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3262 (U.S. Oct. 6, 1997) (No. 97-5598). Second, the court decides "whether any of the circumstances or consequences . . . appear `atypical' enough potentially to take the case out of the applicable guideline's heartland." Id. Third, the court must classify each factor that may remove the case from the applicable guideline's heartland as one that the guidelines forbid, encourage, discourage, or do not mention as a basis for departure. See id. Finally, the court decides whether the factors, as classified, remove the case from the applicable guideline's heartland and whether departure is warranted. See id. at 756. We review the ultimate decision to depart in an atypical case for an abuse of discretion. See Koon v. United States, 518 U.S. 81, ___, 64 U.S.L.W. 4512, 4515 (1996) (No. 94-1664).

There is no dispute as to the circumstances or consequences of Bramble's criminal acts; the district court's factual findings on this point were not clearly erroneous. See Achiekwelu , 112 F.3d at 755. This Court does not review the district court's identification of potential factors that may remove Bramble's conduct from the heartland of USSG § 2F1.1(b)(2)(A). See id.

The district court identified the repetitive nature of Bramble's offense and the sophistication of the scheme as pivotal to the upward departure. The court did not analyze whether the guidelines forbade, encouraged, discouraged, or did not mention departure based on repetitiveness or sophistication. Thus, we address that question in the first instance. See id. at 756.

In Achiekwelu, we determined that "the[g]uidelines list the complexity of a defendant's fraud as a factor that supports an enhancement" for more than minimal planning under USSG§ 2F1.1(b)(2)(A).

4

See id. at 757. Because complexity is a basis for enhancement under the guidelines, the Sentencing Commission either discouraged this factor as a basis for departure or encouraged it as a factor for reduction or increase but already took it into account. Therefore, "the complexity of a defendant's fraud can provide a basis for a departure only if it is present to such an exceptional degree that it cannot be characterized as typical or usual." Id. at 757 (internal quotations omitted).

While the sophisticated nature of a fraud rarely will warrant an upward departure, see id., Bramble's fraud was so extensive and intricate as to have removed this case from the heartland of the guideline and to have provided a proper basis for the upward departure. Her offense covered a span of five years and involved multiple transactions affecting forty-eight different accounts. Her crimes were so well concealed that outside auditors had to comb through more than 700,000 transactions to discern exactly how Bramble had accomplished her scheme. We conclude that the district court did not abuse its discretion in departing upward from the guideline range in this atypical case.

III

The district court increased Bramble's offense level by seven levels. Bramble argues that, even if an upward departure was proper, the extent of the departure was an abuse of discretion. Given the preceding discussion of the details of her crime, the district court's stated reasons for departing, and the fact that a seven-level departure in such cases is not unheard of, see United States v. Kay, 83 F.3d 98, 100-103 (5th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3264 (U.S. Oct. 7, 1996) (No. 96-5442), we conclude that the extent of the departure was not an abuse of discretion.

IV

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. In light of our disposition of this appeal, we deny as moot Bramble's motion to expedite consideration of this appeal.

AFFIRMED

5